```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

SHERENE WALTERS,                  :
                                  :
     Petitioner,                  :
                                  :
     v.                           :   CASE NO. 3:05CV01672 (RNC)
                                  :   ALIEN NO. 46238855
MICHAEL CHERTOFF, et al.,         :
                                  :
     Respondents.                 :
```

RULING AND ORDER

Petitioner filed a petition for a writ of habeas corpus pursuant to 24 U.S.C. § 2241, seeking stay of the removal proceedings against her pending (1) the adjudication of her Alien Relative Petition (Form I-130) by the BCIS and (2) the adjudication by the BIA of her <u>Lozada</u> motion to reopen.  In addition, she seeks an order establishing a bond for her release pending these adjudications.  Because this court has no jurisdiction over petitioner's claims, her petition is dismissed without prejudice to refiling elsewhere.

I.   <u>BACKGROUND</u>

Petitioner arrived in the United States with her father as a Conditional Permanent Resident at age 19.  The conditions on her residency arose because her father and stepmother had been married less than two years.  When, after a two-year period, petitioner and her father filed a petition to remove conditions on residence, it was denied because petitioner's father and stepmother were living in separate homes.  Petitioner was placed in removal proceedings before the Immigration Court.

The Immigration Court in Philadelphia, Pennsylvania ordered petitioner, her father, and her younger sister removed. Petitioner appealed to the BIA through her attorney, Cynthia Lento, on March 27, 2003. On May 18, 2005, that appeal was denied. Attorney Lento never informed petitioner of the denial.

On December 14, 2003, petitioner married her husband, a United States citizen. Although aware of petitioner's marriage, Attorney Lento failed to advise petitioner that a petition for alien relative should be filed through her husband (Form I-130), and that once it was approved, her status could be adjusted to that of permanent resident.

Petitioner was taken into custody by DHS pursuant to the final order of removal, and she is currently being held at the Bristol County Jail & House of Corrections in North Dartmouth, Massachusetts. Petitioner obtained new counsel, who filed the I-130 with the BCIS on October 25, 2005, a motion to re-open with the BIA based on ineffective assistance of counsel pursuant to In re Lozada, 19 I&N Dec. 637 (BIA 1988), and the instant habeas petition.

II. DISCUSSION

To the extent petitioner challenges the validity of the removal order within the meaning of the Real ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this court has no jurisdiction to review the merits of the petition or to

stay the order of removal.  Since the petition was not pending on May 11, 2005, this court does not have the authority to transfer this case to the court of appeals.  <u>Griffith v. Dep't of Homeland Security</u>, No. 05-CV0644S, 2005 WL 2338866, at *1 (W.D.N.Y. Sept. 21, 2005); <u>Munoz v. Gonzalez</u>, No. 05 Civ. 6056 (SHS), 2005 WL 1644165, at *1 (S.D.N.Y. July 11, 2005).[1]

To the extent petitioner seeks to stay or challenge the removal order on some other ground, she has not alleged a cognizable claim.  For example, she has made no claim based on the Administrative Procedure Act, 5 U.S.C. §§ 702, 704, <u>see</u> <u>Hanif v. Gantner</u>, 369 F. Supp. 2d 502 (S.D.N.Y. 2005), nor has she alleged any sort of due process violation.

Petitioner also seeks an order establishing an applicable bond through the Department of Homeland Security for her release pending adjudication of her Alien Relative Petition (Form I-130) by the BCIS and her <u>Lozada</u> Motion to Reopen by the Board of Immigration Appeals.  The requested order constitutes a form of relief from her current detention, which this court lacks jurisdiction to grant.  <u>Foncette v. Bureau of Immigration & Customs Enforcement</u>, No. 05 CV 3218 (CBA), 2005 WL 2334374, at *2 (E.D.N.Y. Sept. 23. 2005).  Pursuant to 28 U.S.C. § 2241(a), district courts may only grant habeas relief "within their

---

[1] The Third Circuit Court of Appeals is the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.

respective jurisdictions."  According to the Supreme Court, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  Because petitioner challenges her present confinement in the Bristol County Jail & House of Corrections in North Dartmouth, MA, outside of this district, the court lacks jurisdiction to hear her petition.  Foncette, 2005 WL 2334374, at *2.

III. CONCLUSION

    For the foregoing reasons, petitioner's application for a writ of habeas corpus is dismissed without prejudice to refiling in the proper jurisdictions.  The clerk will enter judgment in favor of respondents.

    So ordered.

    Dated at Hartford, Connecticut this 12th day of December 2005.

                                  _____/S/_____
                                      Robert N. Chatigny
                                United States District Judge